UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN SCHLANGER, | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:15-cv-11192-MGM |
| v. | : |
| | : |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | : |
| | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF THE FIRST AMENDED COMPLAINT**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This is a commercial insurance contract dispute arising out of water damage sustained at plaintiff Jordan Schlanger's ("Mr. Schlanger") business due to a failed sprinkler system. In the First Amended Complaint, Mr. Schlanger improperly injects claims against defendant Travelers Casualty Insurance Company of America ("Travelers") for breach of the covenant of good faith and fair dealing (Count II) and unfair or deceptive trade acts or practices in violation of M.G.L. c. 93A, § 11 (Count III). These claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Mr. Schlanger's threadbare allegations of bad faith, which merely recite the statutory standard for unfair settlement practices, are manifestly insufficient to support a finding that Travelers engaged in any immoral, unethical, oppressive, or unscrupulous conduct or that it violated an established conception of unfairness. To the contrary, it is evident from the First Amended Complaint that Mr. Schlanger simply disputes Travelers' good faith coverage determination and contends that he is entitled to more than the $182,312.23 Travelers has already paid him for his loss. Accordingly, Counts II and III should be dismissed.

## SUMMARY OF ALLEGATIONS

According to the First Amended Complaint, Mr. Schlanger operates a design business and gallery in Housatonic, Massachusetts. (Compl., ¶3) Mr. Schlanger's business was insured under a "Store Pac" commercial insurance policy issued by Travelers bearing policy number I-680-7B461941-ACJ-12, which was effective from May 14, 2012 through May 14, 2013 (the "Policy"). (Compl., ¶¶4-5, Ex. A) The gallery sustained water damage in January 2013 when the sprinkler system in the attic failed. (Compl., ¶11) Mr. Schlanger submitted a claim to Travelers under the Policy for his losses from the water damage. (Compl., ¶17) Mr. Schlanger allegedly provided Travelers with "detailed documentation" supporting his claim that he incurred $433,131.76 in covered losses. (Compl., ¶¶18-19) Travelers investigated the claim and ultimately paid Mr. Schlanger $182,312.23. (Compl., ¶21)

To support his extra-contractual claims in Counts II and III of the First Amended Complaint, Mr. Schlanger asserts as follows: (1) Travelers "failed to adopt and to implement reasonable standards for the prompt investigation" of his claim (Compl., ¶22); (2) Travelers "employed various strategies to delay and deny payment of legitimate claims" (Compl., ¶23); and (3) Travelers "failed to make payment for obviously covered claims, including utility bills and moving and storage expenses" (Compl., ¶24). Mr. Schlanger also attaches as exhibits to the First Amended Complaint the Policy (Exhibit A), his January 14, 2015 Chapter 93A demand letter to Travelers (Exhibit B), and Travelers' February 18, 2015 response letter (Exhibit C).

## APPLICABLE LEGAL STANDARDS

A motion to dismiss for failure to state a claim should be granted when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *see also A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (explaining *Iqbal*). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Oden v. U.S. Adjusters, Inc.*, No. CIV.A. 13-13171-RGS, 2014 WL 900722, at *1 (D. Mass. Mar. 7, 2014). In deciding this motion to dismiss, in addition to considering the allegations in the First Amended Complaint, the Court may consider the exhibits thereto, including the policy (Exhibit A), Mr. Schlanger's Chapter 93A letter (Exhibit B), and Travelers' response letter (Exhibit C). *See Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) ("Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)") (quoting Fed. R. Civ. P. 10(c)).

## ARGUMENT

**I.     THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNFAIR OR DECEPTIVE TRADE ACTS OR PRACTICES IN VIOLATION OF M.G.L. c. 93A, § 11 (COUNT III)**

    **A.     Mr. Schlanger Must Allege Facts Sufficient to Support a Finding that Travelers Engaged in Immoral, Unethical, Oppressive, or Unscrupulous Conduct and Violated an Established Conception of Unfairness**

Massachusetts General Laws, Chapter 93A, Section 2, prohibits those engaged in trade or commerce from employing "unfair methods of competition and unfair or deceptive acts or

practices." M.G.L. c. 93A, § 2. Mr. Schlanger's claim is brought under Section 11 of Chapter 93A, which authorizes businesses to sue one another for engaging in such practices. M.G.L. c. 93A, § 11. Mr. Schlanger contends that Travelers' alleged violations of Massachusetts General Laws, Chapter 176D, Section 3(9), which sets forth a variety of unfair claim settlement practices for insurance companies, *see* M.G.L. c. 176D, § 3(9)(a)-(n), support his Chapter 93A claim.

However, unlike a claim brought by a consumer under Section 9 of Chapter 93A, an insurer's alleged violation of Chapter 176D is insufficient to establish a *per se* claim under Section 11. *See Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass. 747, 754 (1993) ("A consumer asserting a claim under G.L. c. 93A, § 9, may recover for violations of G.L. c. 176D, § 3, cl. 9, without regard to whether the violation was unlawful under G.L. c. 93A, § 2, because of the explicit statement to that effect in § 9. Polaroid, however, asserts rights under G.L. c. 93A, § 11, as one engaged in trade or commerce, and § 11 does not grant an independent right to recover for violations of G.L. c. 176D, § 3, cl. 9."); *Brazas Sporting Arms, Inc. v. American Empire Surplus Lines Ins. Co.*, 220 F.3d 1, 9 (1st Cir. 2000) ("[A] violation of chapter 176D is not automatically actionable under chapter 93A, § 11, which provides a cause of action for business plaintiffs injured by unfair trade practices"); *see also Kiewit Constr. Co. v. Westchester Fire Ins. Co.*, 878 F. Supp. 298, 302 (D. Mass. 1995).

Instead, for a business plaintiff to successfully assert a Chapter 93A claim under Section 11, it must allege sufficient facts to support a finding that the defendant engaged in immoral, unethical, oppressive, or unscrupulous conduct and violated an established conception of unfairness. *Boyle v. Int'l Truck And Engine Corp.*, 369 F.3d 9, 15 (1st Cir. 2004); *Ora Catering, Inc. v. Northland Ins. Co.*, No. CIV.A. 14-12618-NMG, 2014 WL 5776158, at *3 (D. Mass.

Nov. 5, 2014); *M. DeMatteo Const. Co. v. Century Indem. Co*., 182 F. Supp. 2d 146, 163 (D. Mass. 2001); *New England Envtl. Technologies v. Am. Safety Risk Retention Grp., Inc.*, 738 F. Supp. 2d 249, 258 (D. Mass. 2010); *Vieira v. First Am. Title Ins. Co.*, 668 F. Supp. 2d 282, 292 (D. Mass. 2009).

Under established Massachusetts law, allegations that amount to nothing more than an "ordinary contract dispute" and that merely recite a statutory standard for bad faith fail to state a Chapter 93A claim. *See Ora Catering,* 2014 WL 5776158, at *3 ("[A] court ignores conclusory allegations mirroring legal standards."); *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 245 (D. Mass. 2011) ("In sum, there are insufficient facts alleged from which a finder of fact could find that Zurich acted in bad faith or violated an 'established conception of unfairness.' To the contrary, this case appears to involve 'an ordinary contract dispute' between sophisticated commercial players."); *New England Envtl. Technologies*, 738 F. Supp. 2d at 259 ("[T]here are no facts to suggest that American Safety's position was undertaken in bad faith or that its practices violate an 'established conception of unfairness'. To the contrary, the record indicates that the parties disagreed over the insurers' coverage obligations and that American Safety thoroughly reviewed the claim before denying it. Accordingly, the denial of coverage, though ultimately erroneous, does not warrant Chapter 93A liability."); *Bunge Oils, Inc. v. M & F Mktg. Dev., LLC*, No. CIV.A.03-11559-GAO, 2005 WL 629489, at *3 (D. Mass. Mar. 15, 2005) ("[T]his case is about little more than a dispute over money allegedly owed and the related breach of an alleged contract. The Chapter 93A claim, like the misrepresentation claim, is merely piled on and cannot survive the motion to dismiss.").

**B.     Mr. Schlanger Fails to Allege Conduct that Would Support a Finding that Travelers Engaged in Immoral, Unethical, Oppressive, or Unscrupulous Conduct and Violated an Established Conception of Unfairness**

1.  *The First Amended Complaint Contains Only Generic and Conclusory Allegations of Bad Faith*

The First Amended Complaint contains the kind of threadbare allegations of bad faith and the mere recitation of statutory standards that Massachusetts courts regularly find insufficient to state a claim under Chapter 93A. Specifically, Mr. Schlanger alleges that: (1) Travelers "failed to adopt and to implement reasonable standards for the prompt investigation" of his claim (Compl., ¶22); (2) Travelers "employed various strategies to delay and deny payment of legitimate claims" (Compl., ¶23); and (3) Travelers "failed to make payment for obviously covered claims, including utility bills and moving and storage expenses" (Compl., ¶24). These purported allegations of fact simply reiterate certain of the standards for unfair settlement practices set forth in Massachusetts General Laws, Chapter 176D, Section 3(9). *See, e.g.*, M.G.L. c. 176, §3(9)(c) ("Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies."); M.G.L. c. 176, §3(9)(f) ("Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.").

None of these assertions is supported by any factual allegations. For example, Mr. Schlanger does not allege anything related to how long Travelers' investigation was delayed or what the nature of the delay was. Nor does he identify any strategies Travelers employed to delay and deny payments. The Court is obliged to ignore allegations, such as these, that merely mirror legal standards and that contain insufficient factual allegations to put the defendant on notice of the claims asserted against it. *See Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must

accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Ora Catering,* 2014 WL 5776158, at *3 ("[A] court ignores conclusory allegations mirroring legal standards.").

This case bears a close factual and legal resemblance to the recent decision of this Court in *Ora Catering v. Northland Insurance, Inc*, 2014 WL 5776158. In that case, the plaintiff alleged that the defendant insurance company improperly denied a claim arising out of a fire at the plaintiff's business and also committed unfair or deceptive trade acts or practices by: (1) misrepresenting pertinent facts and insurance policy provisions relating to its coverage; (2) failing to effectuate prompt, fair, and equitable settlement of the claim after liability had become reasonably clear; (3) compelling the plaintiff to institute litigation to recover amounts due under the policy; and (4) failing to provide a reasonable explanation of the basis for the denial of its claim for extra expenses. *Ora Catering*, 2014 WL 5776158, at *7. The court found that, notwithstanding these generic allegations reciting the statutory standards for unfair settlement practices under Chapter 176D, the complaint failed to adequately allege the insurer committed an unfair or deceptive trade act or practice. *Id.*, at *8. The court noted that the complaint "appear[ed] to involve 'an ordinary contract dispute' between sophisticated commercial players" and that the plaintiff alleged "insufficient facts from which a finder of fact could reasonably find that defendant acted in bad faith or violated an 'established conception of unfairness' that would implicate Chapter 93A." *Id*. The plaintiff's Chapter 93A claim was, therefore, dismissed. *Id.* The same result is warranted here.

2.  *Mr. Schlanger's Chapter 93A Demand Letter (Exhibit B) Does Not Provide Any Additional Specificity for His Bad Faith Claims*

Furthermore, Mr. Schlanger's purported Chapter 93A demand letter to Travelers,[1] which is attached to the Complaint as Exhibit B, does not provide any additional specificity with regard to his bad faith claims. (Compl., Ex. B) In the letter, Mr. Schlanger alleges that Travelers failed to pay him for certain Extra Expenses, including moving and storage costs, and failed to reimburse him for rental payments for an interim gallery space. (*Id*.) He contends these expenses are covered by his Policy. (*Id*.) Mr. Schlanger also alleges that "Travelers has withheld information from [him] regarding the details of the claims submission process and failed to respond to [him] in a timely manner," although he does not explain what information Travelers withheld or in what way Travelers failed to respond. (*Id*.) Otherwise, the purported Chapter 93A letter simply reiterates the same conclusory allegations as the paragraphs of the First Amended Complaint. The letter certainly does not allege facts that would support a finding that Travelers engaged in immoral, unethical, oppressive, or unscrupulous conduct and violated an established conception of unfairness. Thus, the letter fails to redeem the similarly insufficient allegations contained in the First Amended Complaint.

3.  *Travelers' Response to the Chapter 93A Demand Letter Shows That It Made the Coverage Decision in Good Faith*

By contrast, Travelers' letter in response to Mr. Schlanger's purported Chapter 93A demand letter, which is attached as Exhibit C to the First Amended Complaint, sets forth in detail Travelers' good faith basis for denying Mr. Schlanger's claim for additional payments. (Compl., Ex. C) In the letter, Travelers asserted, as an initial matter, that it did not receive documentation

---

[1] For the reasons stated in Travelers' letter in response to Mr. Schlanger's purported Chapter 93A demand letter (attached as Exhibit C to the First Amended Complaint), Travelers disputes that the demand letter was valid.

from Mr. Schlanger for "unreimbursed covered damages" totaling $250,000. (*Id.*) As to the documentation it did receive, Travelers explained that it denied the $79,914.27 Mr. Schlanger sought for print and frame inventory, because the cost to purchase inventory does not qualify as an Extra Expense. (*Id.*) Travelers also explained that it paid Mr. Schlanger $8,908.21 for his Business Income Loss, rather than Mr. Schlanger's request for a payment of $96,834.94, because Mr. Schlanger's projection of sales revenue growth was unrealistic and unsupported by the prior experience of his business, and because he underestimated the amount of subcontractor labor expenses his business would utilize during the Period of Restoration. (*Id.*) Finally, Travelers explained that it denied other claims totaling $24,977.06 because those claims pertained to expenses Mr. Schlanger incurred after the Period of Restoration. (*Id.*)

The reasons Travelers provided for its denial of these additional claims are consistent with the terms of Mr. Schlanger's insurance policy, which is attached to the First Amended Complaint as Exhibit A. Specifically, the Policy provides, with respect to Extra Expenses, the following: "Extra Expense means reasonable and necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss." (Compl., Ex. A) Thus, Travelers' determination that Mr. Schlanger's inventory, which is a cost incurred in the ordinary course of business and not as a result of a Covered Cause of Loss, is not covered as an Extra Expense, is consistent with a plain reading of the policy. The Policy also limits the insured's recovery to costs incurred during the Period of Restoration. (*Id.*) Thus, Travelers' determination that certain costs were incurred outside the Period of Restoration is a legitimate basis for the denial of Mr. Schlanger's claim.

Travelers' response letter shows that Travelers' coverage determination was made in good faith. Travelers acknowledged the existence of coverage, paid Mr. Schlanger $182,312.23 for his loss, and provided a compelling and detailed explanation for its denial of his remaining claims. This is significant because Massachusetts law is clear that there is no violation under Section 11 of Chapter 93A if a coverage decision is made in good faith. *Pediatricians*, 965 F.2d at 1173; *New England Envtl. Technologies*, 738 F. Supp. 2d at 259; *Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co.*, 406 Mass. 7, 15 (1989) (explaining that there was no violation of ch. 93A because "[i]n good faith, [the insurer] relied upon a plausible, although ultimately incorrect, interpretation of its policy. There is nothing immoral, unethical or oppressive in such an action."). The First Amended Complaint contains nothing, outside generic, unsupported, and conclusory assertions, that contradicts Travelers' proffered good faith basis for denying the additional claims. Nor does it provide any basis from which a fact finder could conclude that Travelers engaged in any immoral, unethical, oppressive, or unscrupulous conduct or that it violated an established conception of unfairness.

Again, this Court's recent decision in *Ora Catering* is instructive. There, the court reviewed the defendant insurance company's denial letter to the plaintiff. *Ora Catering*, 2014 WL 5776158, at *8. The court concluded that, contrary to the plaintiff's conclusory allegations, the denial letter provided a "good faith, reasonable explanation" for the insurer's coverage decision and supported the dismissal of the plaintiff's Chapter 93A claim. *Id.* Similarly here, the Court is permitted to consider Travelers' response to Mr. Schlanger's purported Chapter 93A demand letter and conclude that, notwithstanding Mr. Schlanger's threadbare allegations of bad

faith, Travelers made a good faith coverage determination and, therefore, Mr. Schlanger has failed to state a Chapter 93A claim against it.

## II. FOR THE SAME REASONS, THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT II)

The First Amended Complaint likewise fails to state a claim for breach of the implied covenant of good faith and fair dealing (Count II). Not every breach of contract is a breach of the implied covenant of good faith and fair dealing. *Nagel v. Provident Mut. Life Ins. Co. of Philadelphia*, 51 Mass. App. Ct. 763, 768-69 (2001). To the contrary, a claim for simple failure to perform the terms of a contract does not state a claim for breach of the implied covenant of good faith and fair dealing. *See Sheehy v. Lipton Indus., Inc.,* 24 Mass. App. Ct. 188, 194 n. 5 (1987) ("[The] covenant pertains to bad faith in the performance of a contract, not in its execution"). As explained above, *supra* ARGUMENT I.B.3, Travelers provided an unrebutted good faith basis for its coverage decision. Mr. Schlanger has failed to assert sufficient factual allegations to support a finding that this case involves anything other than "an ordinary contract dispute" between commercial parties. His claim in Count II for breach of the covenant of good faith and fair dealing should, therefore, also be dismissed.

## CONCLUSION

For the foregoing reasons, Travelers respectfully requests that the Court grant this Motion and dismiss with prejudice Counts II and III of the First Amended Complaint.

Respectfully submitted,

DEFENDANT TRAVELERS CASUALTY
INSURANCE COMPANY OF AMERICA,

By its attorneys,

By  /s/ Jonathan E. Small
Gregory P. Varga (BBO No. 629227)
E-mail: gvarga@rc.com
Jonathan E. Small (BBO No. 672480)
E-mail: jsmall@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Dated: April 1, 2015

## CERTIFICATE OF SERVICE

I hereby certify that, on April 1, 2015, this document will be served by e-mail and U.S. mail, postage prepaid, to counsel for plaintiff at the following address:

Christopher M. Hennessey
chennessey@cohenkinne.com
Sasha N. Kopf
COHN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201

/s/ Jonathan E. Small
Jonathan E. Small